UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALI TAYLOR, | ) | CASE NO.  1:15C1738 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| BENNIE KELLY, Warden, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

The instant matter is before the undersigned on Respondent Bennie Kelly's ("Respondent") motion to transfer Petitioner Ali Taylor's ("Petitioner") 28 U.S.C. § 2254 federal habeas corpus petition to the Sixth Circuit Court of Appeals.  ECF Dkt. #9.  For the following reasons, the undersigned recommends that the Court GRANT Respondent's motion and TRANSFER Petitioner's federal habeas corpus petition to the Sixth Circuit Court of Appeals to determine whether to issue authorization for him to file a successive petition.

I. **PROCEDURAL HISTORY**

A. **STATE COURT**

On February 16, 2012, the Cuyahoga County Court of Common Pleas sentenced Petitioner to fourteen years in prison after a jury found him guilty of two counts of felonious assault with firearm specifications and one count of possession of weapons while under disability.  ECF Dkt. #6-1 at 4 in Northern District Court of Ohio Case Number 1:13CV2577 ("Case Number 1:14CV50").

### B.      FIRST FEDERAL HABEAS CORPUS PETITION

After the Ohio appellate court denied his direct appeal, Petitioner, through counsel, filed his first federal habeas corpus petition in this District pursuant to 28 U.S.C. § 2254 on November 20, 2013 in Case Number 1:13CV2577. ECF Dkt. #1 in Case Number 1:13CV2577. Petitioner raised two grounds for relief in that petition, both challenging his 2012 judgment. *Id.* The grounds for relief were presented as follows:

> 1. GROUND ONE: The evidence adduced at trial was legally insufficient to establish Petitioner's guilt beyond a reasonable doubt.
>
> 2. GROUND TWO: The trial court's improper admission of questionably reliable evidence at trial was so prejudicial as to deny Petitioner's right to due process.

ECF Dkt. #1 in Case Number 1:13CV2577. Respondent filed a Return of Writ asserting that the grounds for relief in Petitioner's § 2254 petition were unexhausted and procedurally defaulted because he failed to appeal to the Supreme Court of Ohio. ECF Dkt. #6 in Case Number 1:13CV2577.

On August 22, 2014, the undersigned issued a Report and Recommendation on Petitioner's first federal habeas corpus petition and recommended that the Court grant Respondent's motion to dismiss Petitioner's § 2254 federal habeas corpus petition because Petitioner failed to exhaust his grounds for relief which resulted in a procedural default. ECF Dkt. #9 in Case Number 1:13CV2577. The undersigned also recommended that the Court deny Petitioner's request to stay proceedings and hold his federal habeas corpus petition in abeyance during his return to state court to attempt to exhaust his grounds for relief. *Id.* On September 9, 2014, United States District Court Judge Lesley Wells issued her Memorandum Opinion and

Order with a Judgment Entry adopting the undersigned's Report and Recommendation. ECF Dkt. #s 10, 11 in Case Number 1:13CV2577. Judge Wells granted Respondent's motion to dismiss, dismissed Petitioner's grounds for relief as procedurally defaulted, and denied Petitioner's motion to stay and abey his federal habeas corpus petition while he sought to exhaust his grounds for relief in the state court. *Id*.

## II.     INSTANT FEDERAL HABEAS CORPUS PETITION

On August 28, 2015, Petitioner, through counsel, filed the instant §2254 federal habeas corpus petition, again challenging the 2012 judgment. ECF Dkt. #1. Petitioner presents the following grounds for relief, the same as those presented in his first federal habeas corpus petition:

> A.   Ground One: The evidence adduced at trial was legally insufficient to establish Petitioner's guilt beyond a reasonable doubt.
>
> B.   Ground Two: The trial court's improper admission of questionably reliable evidence at trial was so prejudicial as to deny Petitioner's right to due process.

*Id.* On December 31, 2015, Respondent filed the instant motion to transfer Petitioner's § 2254 habeas corpus petition. ECF Dkt. #9. On February 26, 2016, Respondent, through counsel, filed a response to the motion. ECF Dkt. #10. On March 30, 2016, Petitioner, through counsel, filed a supplemental response to the motion. ECF Dkt. #11.

## III.    LAW AND ANALYSIS

Section 2244(b)(1) of Title 28 provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Section (b)(2) of Title 2244 goes on to state that "[a]claim presented in a second or successive habeas corpus application under section 2254 that

was not presented in a prior application shall be dismissed unless –

>  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>  (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). The statute further provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The phrase "second or successive" is not defined by the AEDPA statute and is a "term of art given substance by" prior United States Supreme Court habeas corpus caselaw. *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). The Supreme Court has identified two scenarios in which a subsequently filed federal habeas corpus petition is not considered a "second or successive" petition. First, a subsequent petition is not a second or successive petition if the grounds asserted in that petition were not ripe at the time that an earlier petition was filed. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (when a second petition presents identical claim included in an earlier petition but claim was not yet ripe for review, the court should treat both petitions as a single application for habeas relief), and *Panetti v. Quarterman*, 551 U.S. 930, 942-944, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007) (holding that a petition that presents a claim not presented in an earlier

petition but claim would not have been ripe if it had been presented is not a second or successive petition). Second, a subsequent petition is not a second or successive petition if it attacks a state court judgment that was not attacked in the previous petition. *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 2796, 177 L.Ed.2d 592 (2010). As to state court resentencings, the Supreme Court has held that a subsequent petition is not a second or successive petition where it attacks a claim that originated at resentencing and the petitioner could not have been brought it in the earlier petition. *Banks v. Bunting*, No. 5:13CV1472, 2013 WL 6579036, at *6 (N.D. Ohio, Dec. 13, 2013), citing *Lang v. United States*, 474 F.3d 348, 351–52 (6th Cir.2007) and *Hines v. Coleman*, No. 3:12–CV–1722, 2012 WL 5383505, *6 (N.D.Ohio Nov.2, 2012).

In the instant case, Petitioner presents the identical grounds for relief that he presented in his earlier federal habeas corpus petition. *Compare* ECF Dkt. #1 to ECF Dkt. #1 in Case Number 1:13CV2577. Further, Petitioner indicates in his instant federal habeas corpus petition that he is challenging his 2012 conviction and sentencing, the same conviction and sentencing that he challenged in his earlier federal habeas corpus petition. ECF Dkt. #1 and ECF Dkt. #1 in Case Number 1:13CV2577.

This Court dismissed Petitioner's earlier filed federal habeas corpus petition because both of his grounds for relief were procedurally defaulted. ECF Dkt. #s 8, 9. A dismissal on the basis of procedural default operates as a decision on the merits for purposes of determining a second or successive petition. *See In Re Cook,* 215 F.3d 606, 607-608 (6th Cir. 2000).

Section 2244(b)(1) of Title 28 requires that a court dismiss grounds for relief in a second or successive petition that were presented in a prior petition. 28 U.S.C. § 2244(b)(1). However, as pointed out by United States District Court Judge Lioi of this District, precedent of the Sixth

Circuit holds that the Court should not dismiss these claims outright, but should transfer them to the Sixth Circuit Court of Appeals because the Court lacks jurisdiction in which to dismiss the claims. *See Barclay v. Tibbles*, No. 5:13CV124, 2014 WL 809197, at *3, fn.1 (N.D. Ohio, Feb. 28, 2014)(noting the contradictory holdings between the Supreme Court in *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), which held that a district court should have dismissed a second or successive petition in its entirety because the petitioner failed to obtain the proper authorization from the appellate court to file the petition, and the Sixth Circuit, which determined after *Magwood* in *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) that district courts should transfer a second or successive petition to the Sixth Circuit "for want of jurisdiction under 28 U.S.C. § 1631 rather than dismiss it outright.").

Petitioner argues that the undersigned's Report and Recommendation adopted by Judge Wells indicated that he could return to state court and file a delinquent state court post-conviction motion in order to exhaust his state remedies and could return to this Court because he had "complied with the Order, dated September 9, 2014." ECF Dkt. #10 at 1-2. However, no orders concerning compliance or returning to the Court were made in the Court's Memorandum Opinion & Order or in the Report and Recommendation itself. ECF Dkt. #s 9, 10 in Case Number 1:13CV2577. Rather, the Court adopted as its own the undersigned's Report and Recommendation which recommended granting Respondent's motion to dismiss Petitioner's first federal habeas corpus petition for his procedural default and recommended that the Court deny Petitioner's request to stay and abey his federal habeas corpus petition because all of the grounds for relief contained therein were unexhausted and procedurally defaulted claims to which the stay and abeyance procedure did not apply. *Id*. In adopting the undersigned's Report

-6-

and Recommendation, the Court found that Plaintiff failed to appeal either of his two grounds for relief to the Supreme Court of Ohio which constituted a procedural default and Petitioner failed to overcome the procedural default hurdle as he failed to show sufficient cause to excuse the procedural default. The Court dismissed Petitioner's first federal habeas corpus petition in its entirety without prejudice on September 9, 2014. ECF Dkt. #10 in Case Number 1:13CV2577.

Petitioner also asserts in a supplemental response brief that he is now actually innocent of the crimes for which he was convicted. ECF Dkt. #11 at 1-3. He cites to this Court's Memorandum Opinion & Order dismissing his first federal habeas corpus petition which set forth the "actual innocence" exception to the procedural default rule. *Id*., citing ECF Dkt. #s 9, 10 in Case Number 1:13CV2577. In the instant supplemental response, Petitioner quotes from the undersigned's Report and Recommendation that the Court could still consider his federal habeas corpus petition despite a procedural default and lack of cause and prejudice if he shows that he was actually innocent of the crimes for which he was convicted. ECF Dkt. #11 at 1-2. Petitioner asserts that he can overcome the procedural default bar from his first federal habeas corpus petition by showing his actual innocence to the crimes because he was at his mother's house at the time of the shooting, which was approximately twelve miles away from the deli where the shooting of Mr. Washington occurred. *Id.* at 2. He refers to his affidavit and the affidavits of his sister and his sister's boyfriend that he attached to his response in opposition to Respondent's motion to transfer. ECF Dkt. #6 at 4-14.

The undersigned notes that the Report and Recommendation concerning Petitioner's earlier federal habeas corpus petition did indicate that Petitioner could have the Court consider this earlier filed petition despite the procedural default and lack of showing cause and prejudice

-7-

if Petitioner could show that he was actually innocent of the crimes for which he was convicted. ECF Dkt. #9 at 11 in Case Number 1:13CV2577.  However, the undersigned went on to find that at the time of the filing of his first federal habeas corpus petition and in response to the motion to dismiss his petition, Petitioner made no argument concerning his actual innocence as he presented an insufficiency of the evidence ground for relief, which included attacking the evidence of his identification as the perpetrator.  *Id.*  In one sentence buried in a footnote of the factual statement in his earlier federal habeas corpus petition, Petitioner did indicate that he had been in Bedford at his mother's home and was with family until at least 11:00 p.m.  ECF Dkt. #1 at 7, fn. 6.  Other than that footnote, Petitioner made no assertion of actual innocence in his previous § 2254 federal habeas corpus petition or in response to Respondent's previous motion to dismiss his earlier § 2254 federal habeas corpus petition.  ECF Dkt. #s 1, 7 in Case Number 1:13CV2577.  And he made no actual innocence assertion in his instant § 2254 federal habeas corpus petition or in his response to Respondent's motion to transfer.  ECF Dkt. #1, 10 in Case Number 1:15CV1738.  It is not until he filed a supplemental response to Respondent's motion to transfer that he even mentioned actual innocence and attached affidavits in support of his assertion.  ECF Dkt. #11 in Case Number 1:15CV1738.  Arguments of his actual innocence and said affidavits could have been filed in his earlier federal habeas corpus petition.

Accordingly, based upon Sixth Circuit precedent, the undersigned recommends that the Court GRANT Respondent's motion to transfer (ECF Dkt. #9) and TRANSFER the entire instant federal habeas corpus petition to the Sixth Circuit for authorization to file a second or successive petition.

-8-

**IV**.    **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner's prior federal habeas corpus petition, which was dismissed on the basis of procedural default, qualifies the current federal habeas corpus application as a "second or successive application" under 28 U.S.C. § 2244.  Should the Court agree that the instant petition is a second or successive petition which is improperly filed in this Court, it is further recommended that this Court GRANT Respondent's motion to transfer (ECF Dkt. #9) and transfer the petition to the Sixth Circuit for authorization to file a second or successive federal habeas corpus petition.


Dated: April 15, 2016                                     */s/George J. Limbert*
                                                                          GEORGE J. LIMBERT
                                                                          U.S. MAGISTRATE JUDGE



  ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).