UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALI TAYLOR | ) | CASE NO. 1:15 CV 1738 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| | ) | |
| BENNIE KELLY, Warden | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert. (ECF #12.) The Report and Recommendation, submitted on April 15 2016, is hereby ADOPTED by this Court. Respondent's motion is GRANTED and Petitioner's federal habeas corpus petition is TRANSFERRED to the Sixth Circuit Court of Appeals to determine whether to issue authorization for Petitioner to file a successive petition.

**Procedure and Factual Background**

On February 16, 2012, the Cuyahoga County Court of Common Pleas sentenced Petitioner to fourteen years in prison after a jury found him guilty of two counts of felonious assault with firearm specifications and one count of possession of weapons while under disability. (ECF #6-1 in Case Number 1:13CV2577.) Petitioner appealed his conviction to the Ohio Eighth District Court of Appeals which denied his appeal on November 21, 2012. (ECF # 9 in Case Number 1:13CV2577.) Petitioner did not file an appeal to the Supreme Court of Ohio.

On November 20, 2013, Petitioner, through counsel, filed his first federal habeas corpus petition pursuant to 28 U.S.C. § 2254 in this District. (ECF #1 in Case Number 1:13CV2577.)

1

Petitioner raised two grounds for relief, both challenging his 2012 judgment. (*Id.*) The grounds for relief were presented as follows:

> 1. GROUND ONE: THE EVIDENCE ADDUCED AT TRIAL WAS LEGALLY INSUFFICIENT TO ESTABLISH PETITIONER'S GUILT BEYOND A REASONABLE DOUBT.
> 2. GROUND TWO: THE TRIAL COURT'S IMPROPER ADMISSION OF QUESTIONABLY RELIABLE EVIDENCE AT TRIAL WAS SO PREJUDICIAL AS TO DENY PETITIONER'S RIGHT TO DUE PROCESS.

(*Id.*) Respondent filed a Return of Writ asserting that the grounds for relief in Petitioner's § 2254 petition were unexhausted and procedurally defaulted. (ECF #6 in Case Number 1:13CV2577.)

On August 22, 2014, Magistrate Judge Limbert issued a Report and Recommendation on Petitioner's first federal habeas corpus petition. (ECF #9 in Case Number 1:13CV2577.) He recommended that the Court grant Respondent's motion to dismiss Petitioner's habeas corpus petition because Petitioner failed to exhaust his grounds for relief at the state level which resulted in a procedural default. (*Id.*) Magistrate Judge Limbert also recommended that the Court deny Petitioner's request to stay proceedings and hold his federal habeas corpus petition in abeyance during his return to state court to attempt to exhaust his grounds for relief. (*Id.*) On September 9, 2014, United States District Court Judge Lesley Wells issued her Memorandum Opinion and Order with a Judgment Entry adopting Magistrate Judge Limbert's Report and Recommendation. (ECF #s 10, 11 in Case Number 1:13CV2577.) Judge Wells granted Respondent's motion to dismiss, dismissed Petitioner's grounds for relief as procedurally defaulted, and denied Petitioner's motion to stay his petition. (*Id.*)

On August 28, 2015, Petitioner, through counsel, filed the instant §2254 federal habeas corpus petition, again challenging the 2012 judgment. (ECF #1.) Petitioner presented exactly the

2

same grounds for relief as those presented in his first federal habeas corpus petition:

> A. GROUND ONE: THE EVIDENCE ADDUCED AT TRIAL WAS LEGALLY INSUFFICIENT TO ESTABLISH PETITIONER'S GUILT BEYOND A REASONABLE DOUBT.
> B. GROUND TWO: THE TRIAL COURT'S IMPROPER ADMISSION OF QUESTIONABLY RELIABLE EVIDENCE AT TRIAL WAS SO PREJUDICIAL AS TO DENY PETITIONER'S RIGHT TO DUE PROCESS.

*Id.* On December 31, 2015, Respondent filed the motion to transfer Petitioner's § 2254 habeas corpus petition to the Sixth Circuit Court of Appeals. (ECF #9.) On February 26, 2016, Petitioner, through counsel, filed a response to the motion. (ECF #10.) On March 30, 2016, Petitioner, through counsel, filed a supplemental response to the motion. (ECF #11.)

Pursuant to 28 U.S.C. § 636 and Local Rule 72.2, this matter was referred to Magistrate Judge Limbert for the preparation of a Report and Recommendation. Magistrate Judge Limbert issued his Report and Recommendation on April 15, 2016, recommending that Respondent's motion to transfer be granted and Petitioner's federal habeas corpus petition be transferred to the Sixth Circuit Court of Appeals to determine whether to issue authorization for Petitioner to file a successive petition. (ECF #12.)

In his Report and Recommendation, Magistrate Judge Limbert found that Petitioner's habeas corpus petition was second or successive. (*Id.*) The Supreme Court of the United States has found two grounds under which a subsequently filed habeas corpus petition on the same conviction is not considered "second or successive" under 28 U.S.C. § 2244. First, a subsequent petition is not considered successive if the grounds asserted in that petition were not ripe at the time that an earlier petition was filed. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46 (1998) and *Panetti v. Quarterman*, 551 U.S. 930, 942-944 (2007). Here, this Court dismissed

3

Petitioner's earlier habeas corpus petition because both of his grounds for relief were procedurally defaulted. (ECF #s 8, 9) A dismissal for procedural default operates as a decision on the merits for purposes of determining a second or successive petition, *see In Re Cook*, 215 F.3d 606, 607-608 (6th Cir. 2000), rather than the grounds for the petition not being ripe at the time the petition was brought.

Second, a subsequent petition is not "second or successive" if it attacks a state court judgment that was not attacked in the previous petition, such as an intervening resentencing. *Magwood v. Patterson*, 561 U.S. 320 (2010). Here, Petitioner is challenging his 2012 conviction and sentencing, which is the same conviction and sentencing that he challenged in his original federal habeas corpus petition. (*Compare* ECF #1 to ECF # 1 in Case Number 1:13CV2577.) Therefore, Magistrate Judge Limbert found that Petitioner's instant habeas corpus petition was second or successive under 28 U.S.C. § 2244(b), as it does not come within either exception for a subsequently filed petition not considered successive by the Supreme Court.

Additionally, Magistrate Judge Limbert found that the case should be transferred to the Sixth Circuit for further deliberation because this Court lacks jurisdiction to consider claims in Petitioner's successive petition. Section 2244(b)(3) of Title 28 provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the action." 28 U.S.C. § 2244(b)(3). In interpreting 28 U.S.C. § 2244 (b)(3), the Sixth Circuit determined that if a petitioner did not move in the Sixth Circuit for authorization, once a district court determines a petition is successive, the district court should not dismiss the Petitioner's claims outright, but rather should transfer them to the Sixth Circuit Court of Appeals for want of

4

jurisdiction under 28 U.S.C. § 1631. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012). Here, Petitioner did not move in the Sixth Circuit for an order authorizing this court to consider the action before filing the action in this Court. (ECF # 12.) Accordingly, Magistrate Judge Limbert recommended that this Court transfer Petitioner's habeas corpus petition to the Sixth Circuit.

Lastly, Magistrate Judge Limbert found that Petitioner's procedural default could not be overcome by the argument of actual innocence. Although this Court may consider a petitioner's original federal habeas corpus petition despite the procedural default if Petitioner can show that he was actually innocent of the crimes for which he was convicted, *see Bousely v. United States*, 523 U.S. 614, 622 (1998). Petitioner made no argument concerning actual innocence in his original habeas petition. (ECF # 6 Exhibits B and C.) "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousely*, 523 U.S. at 623 (internal quotation marks omitted). Further, "[a]ctual innocence means factual innocence, not merely legal insufficiency." *Luster v. United States*, 168 F.3d 913, 915 (6th Cir.1999). In his initial petition, Petitioner made arguments only to the insufficiency of the evidence presented to convict him, but he does not otherwise assert that he is actually innocent. (ECF # 1 in Case Number 1:13CV2577.) The facts related to Petitioner's claim that he was actually innocent were only included in one sentence, buried in a footnote, in his initial federal habeas corpus petition. (*Id.* At 7.)

Petitioner did not allege actual innocence in his initial petition, in his response to Respondent's motion to dismiss the petition, in the instant habeas corpus petition, or in response to Respondent's motion to transfer. (*See id.*; ECF # 7 in Case Number 1:13CV2577; and ECF #1, 10 in Case Number 1:15CV1738.) It was not until his supplemental response to Respondent's

5

motion to transfer that the Petitioner alleged that his procedural default could be overcome because he was actually innocent of the crimes for which he was convicted. (ECF # 11.) Therefore, Magistrate Judge Limbert found that Petitioner's argument that his original petition should still be considered despite his procedural default because he was actually innocent is without merit, as the argument of actual innocence and the affidavits in support of the assertion could have been filed in his earlier habeas corpus petition, but Petitioner failed to do so.

Petitioner filed objections in response to Magistrate Judge Limbert's Report and Recommendation in an affidavit on April 27, 2016. (ECF # 13.) Respondent did not respond to Petitioner's objections. The Court herein reviews the report and Recommendation and Petitioner's objections.

### Standard of Review for a Magistrate Judge's Report and Recommendation

When objections are made to a report and recommendation of a magistrate judge, the district court must review the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Accordingly, this Court will review the Report and Recommendation, to which timely objections have been filed, de novo. *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

### Conclusion

This Court has reviewed the Report and Recommendation of this case de novo, *see*

6

*Massey*, 7 F.3d 506, and has considered all of the pleadings, affidavits, motions, and filings of the parties. After careful evaluation, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.

Even if Petitioner's affidavit can be considered an objection to Magistrate Judge Limbert's Report and Recommendation, it does not raise any new legal issues that challenge the Report and Recommendation. First, Petitioner alleges that the petition is not successive because he appealed to the Ohio Supreme Court on two separate occasions and is seeking to challenge both of those judgments in his habeas petition. The first appeal was a direct appeal of his conviction and the second was a petition for post-conviction relief for ineffective assistance of trial counsel and appellate counsel during his direct appeal. (ECF # 13.) However, both of these appeals to the Ohio Supreme Court arose out of and challenge Petitioner's conviction and sentencing in 2012 and therefore do not constitute distinct state court judgments. As such, this case is not within the exception to successive petitions challenging a new state court judgment, as set forth by the Supreme Court in *Magwood*, 561 U.S. 320, and as explained by Magistrate Judge Limbert, this Court lacks jurisdiction to hear claims in a successive federal habeas corpus petition without prior authorization by the Sixth Circuit. (ECF # 12.)

Petitioner also alleges that there were other potential grounds for his habeas corpus petition that were not included in either his original or instant habeas corpus petitions but that could have been raised and should now be considered. (ECF # 13-1 at 1.) Again, even if these assignments of error had been raised in the instant petition, this Court cannot hear a successive habeas corpus petition without prior authorization by the Sixth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Therefore, as recommended by Magistrate Judge Limbert, in accordance

with the holding of the Sixth Circuit in *In re Smith*, this Court must transfer this case to the Sixth Circuit for further deliberation to determine whether to issue authorization for Petitioner to file a successive petition. 690 F.3d at 810. If the Sixth Circuit grants such authorization and remands this case, only then can this Court address the merits of Petitioner's arguments.

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Limbert is hereby ADOPTED. Accordingly, Respondent's motion to transfer to the Sixth Circuit Court of Appeals is GRANTED and Petitioner's Petition for a Writ of Habeas Corpus is TRANSFERRED to the Sixth Circuit Court of Appeals to determine whether to issue authorization for him to file a successive petition.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: June 2, 2016